**EXHIBIT 2**

**PLEA AGREEMENT**

***United States v. Teixeira*, No. 23-cr-10159-IT (D. Mass Mar. 4, 2024), ECF No. 130**



**U.S. Department of Justice**

*Joshua S. Levy*
*Acting United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

February 28, 2024

Michael K. Bachrach, Esq.
Law Office of Michael K. Bachrach
224 West 30th Street, Suite 302
New York, NY 10001

Brendan O. Kelley, Esq.
Gene Allen Franco, Esq.
Assistant Federal Public Defenders
Office of the Federal Public Defender
51 Sleeper Street, 5th Floor
Boston, MA 02210

> **RE:**   **United States v. Jack Douglas Teixeira**
> **Criminal No. 23-cr-10159-IT**

Dear Counsel:

The United States Attorney's Office for the District of Massachusetts (the "U.S. Attorney") and your client, Jack Douglas Teixeira ("Defendant"), agree as follows, pursuant to Federal Rule of Criminal Procedure ("Rule") 11(c)(1)(C):

> 1.   Change of Plea

As soon as practicable, Defendant will plead guilty to counts one through six of the Indictment, each charging Defendant with Willful Retention and Transmission of National Defense Information in violation of Title 18, United States Code, Section 793(e). Defendant admits that Defendant committed the crimes specified in these counts and is in fact guilty of each one.

The U.S. Attorney agrees not to charge Defendant with further violations of the Espionage

1

Act or with any additional crimes related to the conduct underlying the crimes charged in the Indictment that are known to the U.S. Attorney at this time. Should the U.S. Attorney void this Plea Agreement or Defendant withdraw Defendant's guilty plea pursuant to Paragraph 3 below, the U.S. Attorney may, in its sole discretion, file such charges.

2.    Penalties

Defendant faces the following maximum penalties with respect to each count: incarceration for ten (10) years; supervised release for three (3) years; a fine of $250,000; a mandatory special assessment of $100; and forfeiture to the extent charged in the Indictment.

3.    Rule 11(c)(1)(C) Plea

In accordance with Rule 11(c)(1)(C), if the Court accepts this Plea Agreement, the Court must include the agreed disposition in the judgment. If the Court rejects any part of this Plea Agreement, the U.S. Attorney may void the agreement and/or Defendant may withdraw from it. Defendant may not withdraw Defendant's plea for any other reason.

Should the U.S. Attorney void the agreement and/or Defendant moves to withdraw Defendant's guilty plea, Defendant agrees to waive any defenses based upon statute of limitations, the constitutional protection against pre-indictment delay, and the Speedy Trial Act for all charges that could have been brought as of the date of this Plea Agreement.

4.    Sentencing Guidelines

The parties agree, based on the following calculations, that Defendant's total "offense level" under the Guidelines is 34:

a) Defendant's base offense level is 35, because the offenses involved top-secret information (USSG § 2M3.2);

b) Defendant's offense level is increased by 2, because Defendant abused a position of trust (USSG § 3B1.3);

c) Defendant's offense level is increased by 2, because Defendant willfully obstructed or impeded the administration of justice with respect the investigation or prosecution of the instant offenses of conviction, and the obstructive conduct related to the defendant's offenses of conviction and any relevant conduct (USSG § 3C1.1);

d) The offenses of conviction form a single Group because they involve the same victim and two or more acts or transactions connected by a common criminal objective or constituting part of a common scheme or plan (USSG § 3D1.2(b));

e) Defendant's offense level is decreased by 3, because Defendant has accepted

responsibility for Defendant's crimes (USSG § 3E1.1); and

    f)    The parties agree that if (1) U.S. Probation determines that Defendant does not receive any criminal history points, and (2) both U.S. Probation and the United States determine that Defendant otherwise satisfies the criteria set forth in USSG § 4C1.1, the United States will recommend that Defendant's offense level be reduced by 2 pursuant to USSG § 4C1.1. The parties further agree that the determination of whether USSG § 4C1.1 applies does not alter the agreed-upon disposition set forth in Paragraph 5 below.

Defendant understands that the Court is not required to follow this calculation.

Defendant also understands and agrees that the U.S. Attorney will object to any reduction in Defendant's offense level based on acceptance of responsibility under USSG § 3E1.1 if –

(1) prior to sentencing, Defendant fails to participate in a satisfactory debrief with members of the Intelligence Community, the Department of Defense, and/or the Department of Justice regarding the offenses of conviction and all relevant conduct. During the debrief, Defendant agrees to provide truthful, complete, and accurate information. The determination whether Defendant's debrief is satisfactory rests solely in the discretion of the U.S. Attorney and is not subject to review or appeal. The U.S. Attorney will make this determination in good faith based on the truthfulness and completeness of the information provided by Defendant;

(2) Defendant fails to affirmatively furnish to the government all documents and other materials or items that may be relevant and that are in the defendant's possession or control or the location of which Defendant has knowledge;

(3) At sentencing, Defendant (directly or through counsel) indicates that Defendant does not fully accept responsibility for having engaged in the conduct underlying each of the elements of the crimes to which Defendant is pleading guilty and all relevant conduct; or

(4) by the time of sentencing, Defendant has committed a new federal or state offense, or has in any way obstructed justice.

The parties understand and agree that Defendant shall not be entitled to withdraw his plea if the government determines, for any of the reasons described in this paragraph, that Defendant is not entitled to a reduction in Defendant's offense level based on acceptance of responsibility under USSG § 3E1.1.

The government agrees that statements made and information provided by Defendant during the debrief will not be used directly against him in any criminal case except for prosecutions for perjury, making a false statement, obstruction of justice, or for impeachment.

Nothing in this Plea Agreement affects the U.S. Attorney's obligation to provide the Court and the U.S. Probation Office with accurate and complete information regarding this case.

5.      Agreed Disposition

The parties agree on the following:

    a) the parties and the Court are to be bound by a range of incarceration of between 132 months and 200 months;

    b) a fine of $50,000, unless the Court finds that Defendant is unable to pay a fine;

    c) 36 months of supervised release;

    d) a mandatory special assessment of $600, which Defendant must pay to the Clerk of the Court by the date of sentencing;

    e) forfeiture as set forth in Paragraph 7.

Defendant understands and acknowledges that, as of the date of this agreement, the U.S. Attorney intends to recommend that Defendant be incarcerated for 200 months. The U.S. Attorney will consider all relevant information, including information contained in the forthcoming Presentence Investigation Report, before making its final sentencing recommendation to the Court.

Defendant agrees not to seek any downward departures under the U.S. Sentencing Guidelines but reserves the right – subject to the limitations set forth in this paragraph – to seek a sentencing variance pursuant to 18 U.S.C. § 3553(a).

Defendant agrees that all criminal monetary penalties, including special assessment, restitution, forfeiture, and/or fine imposed shall be due and payable immediately, and further agrees that any Court-ordered repayment schedule does not preclude further enforcement or collection by the United States.

6.      Waiver of Appellate Rights and Challenges to Conviction or Sentence

Defendant has the right to challenge Defendant's conviction and sentence on "direct appeal." This means that Defendant has the right to ask a higher court (the "appeals court") to look at what happened in this case and, if the appeals court finds that the trial court or the parties made certain mistakes, overturn Defendant's conviction or sentence. Also, in some instances, Defendant has the right to file a separate civil lawsuit claiming that serious mistakes were made in this case and that Defendant's conviction or sentence should be overturned.

Defendant understands that Defendant has these rights, but now agrees to give them up. Specifically, Defendant agrees that:

a) Defendant will not challenge Defendant's <u>conviction</u> on direct appeal or in any other proceeding, including in a separate civil lawsuit; and

b) Defendant will not challenge any prison <u>sentence</u> of 200 months or less, or any court orders related to forfeiture, restitution, fines or supervised release, on direct appeal or in any other proceeding, including in a separate civil lawsuit or in any collateral attack, including, but not limited to, a motion brough under 28 U.S.C. § 2255.

The U.S. Attorney agrees not to appeal the imposition of a sentence within the range agreed to by the parties in paragraph 5.

Defendant understands that, by agreeing to the above, Defendant is agreeing that Defendant's conviction and sentence will be final (to the extent set forth in subparagraph (b), above) when the Court issues a written judgment after the sentencing hearing in this case. <u>That is, after the Court issues a written judgment, Defendant will lose the right to appeal or otherwise challenge Defendant's conviction and sentence (to the extent set forth in subparagraph (b), above), regardless of whether Defendant later changes Defendant's mind or finds new information that would have led Defendant not to agree to give up these rights in the first place.</u>

Defendant is agreeing to give up these rights in exchange for concessions the U.S. Attorney is making in this Agreement.

The parties agree that, despite giving up these rights, Defendant keeps the right to later claim that Defendant's lawyer rendered ineffective assistance of counsel, or that the prosecutor or a member of law enforcement involved in the case engaged in misconduct serious enough to entitle Defendant to have Defendant's conviction or sentence overturned.

7.     <u>Forfeiture and Abandonment of Property</u>

Defendant admits the forfeiture allegations. Defendant further agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 793(h), whether in the possession or control of the United States, the Defendant, the Defendant's nominees, or elsewhere.

Defendant further agrees that the below-described property, which was seized from the Defendant for evidentiary purposes, and which is currently in the custody or control of the Federal Bureau of Investigation ("FBI"), was lawfully seized and that it was used, or intended to be used, to commit, or to facilitate the commission of, the offenses to which the defendant is pleading guilty, and/or is evidence, contraband, or fruits of the crimes to which the defendant is pleading guilty. Defendant, as sole and rightful owner, relinquishes and abandons all claims, title, and interest the defendant has in such property with the understanding and consent that FBI may dispose of the property without further obligations.

The assets to be forfeited and abandoned specifically include, but are not limited to, (1) the proceeds obtained by Defendant in connection with the crimes charged in the Indictment; (2) all papers, digital media, electronic devices, and other items seized from Defendant's residence, vehicle, and person on or about April 13, 2023; and (3) any items, documents, or materials not currently in the government's possession that were used in furtherance of the crimes charged in the Indictment. Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. Defendant understands that pursuant to 18 U.S.C. § 983, the seizing agency is required to send notice in non-judicial civil forfeiture matters. Having been advised of said rights regarding notice, Defendant hereby knowingly and voluntarily waives his rights to notice being sent within the time frames in 18 U.S.C. § 983 and to having the property returned to him if notice is not sent within the prescribed time frames. Defendant further agrees to the forfeiture of any substitute assets up to the value of any property described above pursuant to 21 U.S.C. § 853(p) and Federal Rules of Criminal Procedure 32.2(e).

Forfeiture of Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture.

### 8. Lifetime Obligation to Protect Classified and National Defense Information

Defendant acknowledges that, in connection with his employment by the United States Air National Guard ("USANG"), he entered into certain agreements proscribing the unauthorized disclosure of protected information, including classified information, intelligence and intelligence-related information, and other information acquired as part of the defendant's performance of his official duties. Defendant acknowledges his continuing duties and obligations under these agreements, and they are hereby incorporated by reference.

Defendant understands and agrees that he has a continuing legal obligation to refrain from the unauthorized oral or written disclosure of classified information, or information relating to the national defense. Defendant understands and agrees that the law forbids him from disclosing, communicating, transmitting, or disseminating any classified information, or information relating to the national defense, without regard to where, when, or how he learned of or came into possession of the classified information or information relating to the national defense. Defendant understands and agrees that merely because classified information, or information relating to the national defense, may have appeared publicly does not render that information unclassified.

### 9. Assignment of Any Profits or Proceeds from Publicity

Defendant hereby assigns to the United States any profits or proceeds which he may be entitled to receive in connection with any publication or dissemination of information relating to his work at the USANG, his unlawful activities, the facts and circumstances leading to his apprehension and conviction, or acquired from government files, and agrees that any such profits and/or proceeds constitute the proceeds of his unlawful activity for purposes of 18 U.S.C. § 793(e) and any other violations of the Espionage Act. This assignment shall include all profits and

proceeds for the benefit of the Defendant, regardless of whether such profits and proceeds are payable to himself or to others, directly or indirectly, for his benefit or for the benefit of the Defendant's associates or a current or future member of the Defendant's family. Defendant shall not circumvent this assignment by assigning the rights to his story to an associate or to a current or future member of Defendant's family, or to another person or entity who would provide some financial benefit to the Defendant, to the Defendant's associates, or to a current or future member of the Defendant's family. Moreover, Defendant shall not circumvent this assignment by communicating with an associate or a family member for the purpose of assisting or facilitating their profiting from a public dissemination, whether such an associate or other family member is personally or directly involved in such dissemination.

Should Defendant at any time author or participate in the creation of any book, writing, article, film, documentary, or other production, or otherwise provide information for purposes of publication or dissemination, including but not limited to information provided through interviews with writers or representatives of any media organization or entity, Defendant hereby agrees first to submit in a timely fashion such book, writing, article, film, documentary, other production, or information to the pre-publication review board for the Department of Defense ("DoD") and the FBI for timely pre-publication review and deletion of information which, in the discretion of DoD and the FBI, should not be published or disseminated on the grounds of national security or the defendant's pre-existing agreements with the USANG.

10. No Foreign Agent Contacts

Defendant understands and agrees that he shall not knowingly have contact with any foreign government or agents thereof, except with the express permission of the FBI. Defendant understands and agrees that he shall not seek or knowingly accept, personally or through another person or entity, any benefit from such foreign government or agent thereof, and should such a benefit be received by Defendant, or some other person or entity on his behalf, he hereby assigns any such benefit to the United States. For purposes of this paragraph, any benefit provided to an associate of Defendant or to a current or future family member of the Defendant, which is related to, arises out of, or is in recognition of, the Defendant's unlawful activities, is a benefit deemed provided to Defendant himself.

11. Waiver of Discovery

As part of this plea agreement, and based upon the concessions of the United States in this Plea Agreement, Defendant knowingly, willingly, and voluntarily gives up the right to seek any additional discovery. Further, Defendant knowingly, willingly, and voluntarily waives all pending requests for discovery. This waiver, however, shall not apply to any discovery that tends to negate the defendant's guilt or diminish the degree of Defendant's culpability or Defendant's Offense Level under the U.S. Sentencing Guidelines.

12. Civil Liability

This Plea Agreement does not affect any civil liability, including any tax liability,

Defendant has incurred or may later incur due to Defendant's criminal conduct and guilty plea to the charges specified in Paragraph 1 of this Agreement.

### 13. Collateral Consequences

Defendant understands his conviction may cause the loss of civil rights, including, but not limited to, the rights to possess firearms, vote, hold elected office, and sit on a jury.

Defendant understands the potential consequences of this conviction set forth in 5 U.S.C. § 8312.

### 14. Breach of Plea Agreement

Defendant understands that if Defendant breaches any provision of this Agreement, violates any condition of Defendant's pre-trial release or commits any crime following Defendant's execution of this Plea Agreement, Defendant cannot rely upon such conduct to withdraw Defendant's guilty plea. Defendant's conduct, however, would give the U.S. Attorney the right to be released from the U.S. Attorney's commitments under this Agreement, to pursue any charges that were, or are to be, dismissed under this Agreement, and to use against Defendant any of Defendant's statements, and any information or materials Defendant provided to the government during investigation or prosecution of Defendant's case, even if the parties had entered into any earlier written or oral agreements or understandings about this issue. The defendant waives any right to claim that statements made before, on, or after the date of this agreement, should be excluded or suppressed under Fed. R. Evid. 410, Fed. R. Crim. P. 11(f), the Sentencing Guidelines, or any other provision of the Constitution or federal law.

Defendant also understands that if Defendant breaches any provision of this Agreement or engages in any of the aforementioned conduct, Defendant thereby waives any defenses based on the statute of limitations, constitutional protections against pre-indictment delay, and the Speedy Trial Act, that Defendant otherwise may have had to any charges based on conduct occurring before the date of this Agreement.

### 15. Who is Bound by Plea Agreement

This Agreement is only between Defendant and the U.S. Attorney for the District of Massachusetts. This agreement expressly does not bind the U.S. Military.

16.     Modifications to Plea Agreement

This Agreement can be modified or supplemented only in a written memorandum signed by both parties, or through proceedings in open court.

If this letter accurately reflects the agreement between the U.S. Attorney and Defendant, please have Defendant sign the Acknowledgment of Plea Agreement below.  Please also sign below as Witness.  Return the original of this letter to the undersigned Assistant U.S. Attorneys

Sincerely,

JOSHUA S. LEVY
Acting United States Attorney

By:   _Nadine Pellegrini_____
        Nadine Pellegrini
        Jared C. Dolan
        Jason A. Casey
        Assistant U.S. Attorneys

        Christina Clark
        Trial Attorney
        National Security Division
        U.S. Department of Justice

## ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter and discussed it with my attorney. The letter accurately presents my agreement with the United States Attorney's Office for the District of Massachusetts. There are no unwritten agreements between me and the United States Attorney's Office, and no United States government official has made any unwritten promises or representations to me in connection with my guilty plea. I have received no prior offers to resolve this case.

I understand the crimes I am pleading guilty to, and the maximum penalties for those crimes. I have discussed the Sentencing Guidelines with my lawyer, and I understand the sentencing ranges that may apply.

I am satisfied with the legal representation my lawyer has given me, and we have had enough time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of this Agreement and whether I should go to trial.

I am entering into this Agreement freely and voluntarily and because I am in fact guilty of the offenses. I believe this Agreement is in my best interest.

Jack Douglas Teixeira
Defendant

Date:   2/23/24

I certify that Jack Douglas Teixeira has read this Agreement and that we have discussed what it means. I believe Jack Douglas Teixeira understands the Agreement and is entering into it freely, voluntarily, and knowingly. I also certify that the U.S. Attorney has not extended any other offers regarding a change of plea in this case.

Michael Bachrach, Esq.
Brendan Kelley, Esq.
Gene Allen Franco, Esq.
Attorneys for Defendant

Date:   2/28/2024