**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 26-cv-02158-CNS-MDB

JACK TEIXEIRA,

Plaintiff,

v.

FEDERAL BUREAU OF PRISONS, and
TODD BLANCHE, in his official capacity as Attorney General of the United States,

Defendants.

---

**UNOPPOSED MOTION TO STAY DISCOVERY**

---

Pursuant to Fed. R. Civ. P. 6(b)(1)(A) and CNS Civ. Practice Standard 6.1A, Defendants Federal Bureau of Prisons (BOP) and Todd Blanche move to stay discovery pending resolution of their dispositive Motion to Dismiss (ECF No. 17) and vacate the initial case deadlines (ECF Nos. 9, 12).

Pursuant to D.C.COLO.LCivR 6.1(b), Defendants have not previously moved for an extension/stay of discovery deadlines.

Pursuant to D.C.COLO.LCivR 7.1, the parties conferred regarding this Motion, and Plaintiff does not oppose the relief requested in this Motion.

Good cause exists for the requested relief.

First, discovery is not appropriate in this Administrative Procedure Act (APA) case. Plaintiff raises an APA claim, along with First Amendment and Fifth Amendment claims. Those claims challenge the Attorney General's imposition of Special

Administrative Measures (SAMs). *See* ECF No. 1, ¶¶ 51–71. Discovery on APA claims is generally not allowed, and the same is true for constitutional claims filed alongside APA claims. Instead, judicial review on those claims is limited to the administrative record. Therefore, discovery should be, at a minimum, stayed—and the initial case deadlines vacated—pending resolution of Defendants' pending Motion to Dismiss (ECF No. 17).

Second, even if discovery were appropriate in this case, discovery should be stayed pending a ruling on Defendants' fully dispositive Motion to Dismiss. For one, courts have recognized that the "doors of discovery" generally should not be "unlock[ed]" until the plaintiff has stated a claim upon which relief can be granted, and Plaintiff has not stated a plausible claim for relief in this case. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). For another, the *String Cheese* factors all support staying discovery until the Court rules on Defendants' dispositive Motion to Dismiss. For these reasons, the Court should stay discovery in this case.

In sum, Defendants request that the Court stay discovery pending resolution of their Motion to Dismiss (ECF No. 17).

## BACKGROUND

Plaintiff is a former Air National Guardsman who was charged with disclosing national security information. *See* ECF No. 1, ¶ 1. He is currently in BOP custody. *See id.*, ¶ 33. In May 2020, Plaintiff performed a telephonic interview with ABC News. *See id.*, ¶ 13. Based on Plaintiff's appearance at, and statements in, that interview, the Attorney General imposed a SAM on Plaintiff. *See id.*, ¶ 27. The SAM limits certain

privileges such as mail and telephone access. *See id.*, ¶ 28. His SAM has since been extended. *See* ECF No. 17-4.

Plaintiff raises three claims challenging his SAMs. *See* ECF No. 1, ¶¶ 51–71. First, he brings an APA claim, alleging his SAMs are arbitrary and capricious. *See id.*, ¶¶ 51–60. Second, he raises a claim of First Amendment retaliation challenging his SAMs' imposition following an interview he performed with ABC News. *See id.*, ¶¶ 61–67. Finally, he brings a Fifth Amendment claim under the Due Process Clause, alleging that his SAMs violate due process. *See id.*, ¶¶ 68–71.

On June 8, 2026, the Court set initial case deadlines, including a deadline for a proposed scheduling order. *See* ECF No. 9. Plaintiff moved to extend those deadlines, and the Court granted that extension through August 31. *See* ECF Nos. 10, 12.

On August 10, 2026, Defendants moved to dismiss Plaintiff's Complaint for failure to state a claim. *See* ECF No. 17. Defendants' Motion to Dismiss explains that Plaintiff's Complaint should be dismissed for several reasons: (1) Plaintiff's APA claim should be dismissed because his SAMs are not arbitrary and capricious; (2) his First Amendment claim should be dismissed because he waived his rights to the speech forming the basis of that claim, and also no First Amendment violation has occurred here; and (3) Plaintiff failed to allege an atypical and significant hardship to state a Due Process Clause claim. *See id.* If granted, Defendants' Motion to Dismiss would be fully dispositive of all Plaintiff's claims.

## ARGUMENT

### I. Discovery is not appropriate on Plaintiff's claims.

Plaintiff brings claims under the APA, the First Amendment, and the Due Process Clause challenging Defendants' imposition of his SAMs. No discovery should be allowed on Plaintiff's claims. Discovery is generally not permitted on APA claims, and that limitation on discovery extends to constitutional claims brought with an APA claim.

#### A. No discovery is allowed on Plaintiff's APA claim.

Discovery is not appropriate for Plaintiff's APA claim because the standard of review for such claims is narrow and no discovery is necessary for the Court to fulfill its limited review function for such claims.

The scope of review of agency action under the APA is narrow. The APA provides that "the reviewing court shall … hold unlawful and set aside agency action, findings, and conclusions found to be … arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 702(2)(A). Review by this Court under that provision, however, is "narrow and deferential." *Nutraceutical Corp. v. Von Eschenbach*, 459 F.3d 1033, 1038 (10th Cir. 2006) (citation omitted). The APA does not give this Court power to "substitute its judgment for that of the agency." *Utahns for Better Transp., Inc. v. U.S. Dep't of Transp.*, 305 F.3d 1152, 1164 (10th Cir. 2002). An agency should only be required to take action under the APA if a delay is arbitrary or capricious. *See Biodiversity Legal Found. v. Babbitt*, 146 F.3d 1249, 1252 (10th Cir. 1998).

Given the APA's narrow standard of review, the Court does not act as a finder of fact. *See Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1573 (10th Cir. 1994) (holding that, "consistent with the judicial review provisions of the APA," the reviewing court does not "substitute[e] its judgment on the facts for that of the agency"). Although there may be issues of fact before the administrative agency, the function of the district court is to determine whether or not, as a matter of law, the evidence in the administrative record permitted the agency to act as it did. *See* 5 U.S.C. § 706 ("In making the making the foregoing determinations, the court shall review the whole record or those parts of it cited by a party….").

Both the Supreme Court and the Tenth Circuit have emphasized that "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Olenhouse*, 42 F.3d at 1576 (the court conducts a "plenary review of the record as it existed before the agency"); *Lewis v. Babbitt*, 998 F.2d 880, 882 (10th Cir. 1993) ("Judicial review … is generally based on the administrative record that was before the agency at the time of its decision"). Accordingly, review of agency actions, such as those here, is limited to the administrative record. *See Bar MK Ranches v. Yeutter*, 994 F.2d 735, 739 (10th Cir. 1993).

"The complete administrative record consists of all documents and materials directly or indirectly considered by the agency." *Id.*; *see also Franklin Savings Assoc. v. Director*, 934 F.2d 1127, 1140 (10th Cir. 1991) (stating that the agency has the obligation to produce the information it relied upon in acting and in certifying the record

as complete). As the Tenth Circuit stated in *Bar MK Ranches*, "as long as Defendants submitted all documents and information considered and developed at the [relevant stages of the agency's action] and review process, nothing more and nothing less, the Administrative Record submitted to the district court was correct." 994 F.2d at 739. Discovery has been allowed in an APA case by the Tenth Circuit only in the event that a clear showing has been made that the record may not be complete. *See id.* at 740. Otherwise, an agency is entitled to a presumption that it properly designated the administrative record. *See id.* at 739–40.

Given the narrow and deferential standard of review focused on the administrative record, courts in this District routinely deny discovery in APA cases. *See, e.g., Glenwood Springs Citizens' All. v. U.S. Dep't of the Interior*, No. 20-cv-00658-CMA, 2021 WL 916002, at *1 (D. Colo. Mar. 10, 2021) ("Discovery is generally not allowed in APA cases because the court's review of agency action is limited to the administrative record."); *Peper v. USDA*, No. 04-cv-01382-ZLW, 2008 WL 1744578, at *3 (D. Colo. Apr. 11, 2008) (denying plaintiff's request for discovery in APA case); *Sierra Club v. U.S. Dep't of Energy*, 26 F. Supp. 2d 1268, 1270-71 (D. Colo. 1998) (same); *see also Voyagers Nat'l Park Ass'n v. Norton*, 381 F.3d 759, 766 (8th Cir. 2004) (upholding district court's denial of "extra-record discovery" in APA case). In fact, the Federal Rules of Civil Procedure incorporate the presumption that discovery is not necessary in APA cases. *See* Fed. R. Civ. P. 26(a)(1)(B)(i) (exempting APA cases from the requirement of making initial disclosures).

In sum, APA review is narrow and focused on whether, given the administrative record, the agency's action had some rational basis. Given that, discovery is generally not allowed in APA cases like this one. Therefore, discovery is not appropriate.

**B. Discovery is also not permitted on Plaintiff's constitutional claims.**

Discovery on Plaintiff's First Amendment and Fifth Amendment is also not appropriate here because allowing discovery would permit an end-run around the APA and duplicate the administrative record review on Plaintiff's APA claim.

Discovery on Plaintiff's constitutional is prohibited because holding otherwise would frustrate the prohibition on discovery in APA cases. Allowing discovery on constitutional claims brought with APA claims would "incentivize every unsuccessful party to agency action to allege ... constitutional violations" to "trade in the APA's restrictive procedures for the more evenhanded ones of the Federal Rules of Civil Procedure." *Jarita Mesa Livestock Grazing Ass'n v. USFS*, 58 F. Supp. 3d 1191, 1237-38 (D.N.M. 2014). In other words, "[t]he APA's restriction of judicial review to the administrative record would be meaningless if any party seeking review based on statutory or constitutional deficiencies was entitled to broad-ranging discovery." *Harvard Pilgrim Health Care of New England v. Thompson*, 318 F. Supp. 2d 1, 10 (D.R.I. 2004); *see also Ketcham v. U.S. Nat'l Park Serv.*, No. 16-cv-00017-SWS, 2016 WL 4268346, at *2 (D. Wyo. Mar. 29, 2016) ("To distinguish between a 'stand-alone constitutional challenge' and an 'APA challenge,' … would run afoul of Congress's intent."); *Almaklani v. Trump*, 444 F. Supp. 3d 425, 434 (E.D.N.Y. 2020) ("[T]o allow broad ranging discovery under Rule 26, beyond the administrative record in every case where a

plaintiff alleges a constitutional claim, would be inappropriate and render meaningless the APA's restriction of judicial review to the administrative record."). Therefore, to effectuate the prohibition on discovery in APA cases, discovery should also not be allowed on Plaintiff's constitutional claims.

Beyond effectuating the APA's general prohibition on discovery, preventing discovery on Plaintiff's constitutional claims will avoid duplicative judicial review. For example, "where Plaintiff's APA claim and due process claim unquestionably converge," discovery on the constitutional claim beyond the administrative record is unnecessary. *Maddern v. Austin*, No. 21-cv-1298-MMA-BLM, 2022 WL 1198383, at *3–4 (S.D. Cal. Apr. 22, 2022) (denying discovery on due process claim); *see also Afianian v. Duke*, No. 17-cv-07643-FMO-RAOx, 2018 WL 9619346, at *7 (C.D. Cal. Nov. 30, 2018) (denying discovery on a plaintiff's "constitutional claims" because those claims "will be considered alongside her APA claim"). Discovery on a constitutional claim is duplicative when joined with an overlapping APA claim because those claims will require the same facts. *See Jiahao Kuang v. U.S. Dep't of Def.*, No. 18-cv-03698-JST, 2019 WL 293379, at *2 (N.D. Cal. Jan. 23, 2019) (denying discovery on constitutional claim given that the constitutional claim and APA claim "require[ed] a 'fundamentally similar' analysis"); *Bellion Spirits, LLC v. United States*, 335 F. Supp. 3d 32, 43-44 (D.D.C. 2018) (holding that a plaintiff is "not entitled to supplement the administrative record for any constitutional claim that requires the Court to analyze the substance of an agency's decision that is, in turn, based on an evaluation of that record"), *aff'd*, 7 F.4th 1201 (D.C. Cir. 2021); *Alabama-Tombigbee Rivers Coal. v. Norton*, No. 01-cv-0194-S, 2002 WL

227032, at *5 (N.D. Ala. Jan. 29, 2002) (a plaintiff should not "be allowed discovery of facts, *identical* to those argued in support of their APA claims, simply because such facts are argued to support their separate theory of recovery, their procedural due process claims"). Put simply, "where a plaintiff's constitutional claims fundamentally overlap with their other APA claims, discovery is neither needed nor appropriate." *Chiayu Chang v. United States Citizenship & Immigration Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017).

## II. Even if discovery is appropriate in this case, discovery should be stayed pending resolution of Defendants' fully dispositive Motion to Dismiss.

### A. *Twombly* and *Iqbal* support a stay of discovery in this case.

The Court should stay discovery because Defendants' Motion to Dismiss is fully dispositive of Plaintiff's claims.

In *Twombly*, the Supreme Court embraced "the understanding that, *before proceeding to discovery*, a complaint must allege facts suggestive of illegal conduct." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007) (emphasis added). Shortly thereafter, in *Iqbal*, the Supreme Court held that, while "Rule 8 marks a notable and generous departure from the hypertechnical, code-pleading regime of a prior era, … it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. The Court suggested that the motion to dismiss determination must precede the initiation of discovery, even when a district court might attempt to engage in "careful case management" designed to cabin discovery in the early stages of the case. *Id.* at 684–85 ("We have held, however, that the question presented by a motion to dismiss a complaint for insufficient pleadings does not turn on

the controls placed upon the discovery process.”). The Court rejected an approach that would allow “a claim just shy of a plausible entitlement to relief” to proceed to discovery, recognizing “the common lament that the success of judicial supervision in checking discovery abuse has been on the modest side.” *Id.* at 685 (quoting *Twombly*, 550 U.S. at 559). And, in the past few years, the Court reiterated that resolving a motion to dismiss before discovery starts is the norm. *See Dupree v. Younger*, 598 U.S. 729, 731 (2023) (explaining that in the usual case, “[i]f the district court denies that motion (or any other Rule 12 motion), the case advances to discovery”).

Following *Twombly* and *Iqbal*, the Tenth Circuit has recognized that discovery generally should not proceed until the Court determines that a plaintiff has stated a claim. In *Kansas Penn Gaming, LLC v. Collins*, the Tenth Circuit stated that Rule 8 serves two purposes. 656 F.3d 1210, 1215 (10th Cir. 2011). One purpose is “to ensure that a defendant is placed on notice of his or her alleged misconduct sufficient to prepare an appropriate defense.” *Id.* (quoting *Pace v. Swerdlow*, 519 F.3d 1067, 1076 (10th Cir. 2008) (Gorsuch, J., concurring)). The second purpose is “to avoid ginning up the costly machinery associated with our civil discovery regime on the basis of a largely groundless claim.” *Id.* In other words, allowing discovery to proceed before the Court has decided whether the plaintiff has stated a viable claim would thwart Rule 8 by unnecessarily triggering an expensive and burdensome discovery process.

In accordance with these principles, numerous Tenth Circuit decisions have affirmed district court orders declining to open discovery pending a motion to dismiss for failure to state a claim, finding that starting discovery under these circumstances would

be inconsistent with *Twombly* and *Iqbal. See, e.g., Kabutu v. Short*, No. 21-3229, 2022 WL 3010620, at *3 n.2 (10th Cir. July 29, 2022); *Sheldon v. Khanal*, 502 F. App'x 765, 773 (10th Cir. 2012); *Jensen v. America's Wholesale Lender*, 425 F. App'x 761, 763–64 (10th Cir. 2011).

Courts in this District have likewise stayed discovery pending a fully dispositive motion to dismiss. *See, e.g.*, *Sgaggio v. Diaz*, No. 22-cv-02043-PAB-MDB, 2023 WL 22188, at *5 (D. Colo. Jan. 3, 2023) (Dominguez Braswell, J.) (granting motion to discovery, in part, because of "the fact that Defendants' motion could be entirely dispositive"); *Frederick v. Col-Terra Invs. XIV*, No. 17-cv-00410-MSK-STV, 2017 WL 1908121, at *2 (D. Colo. May 10, 2017) (granting a motion to stay discovery where pending motion to dismiss "would be dispositive"); *BPS v. Bd. of Trustees for Colorado Sch. for Deaf & Blind*, No. 12-cv-02664-RM-KLM, 2013 WL 5381819, at *3 (D. Colo. Sept. 26, 2013) (granting stay of discovery where a "fully dispositive motion" was pending).

Because staying discovery pending resolution of a fully dispositive motion to dismiss is consistent with Supreme Court and Tenth Circuit precedent, discovery in this case should be stayed until the Court resolves Defendants' pending dispositive Motion to Dismiss, ECF No. 17.

### B. The *String Cheese* factors strongly support a stay.

The Court should stay discovery based on the grounds stated above. In addition, the *String Cheese* factors weigh strongly in favor of a stay here.

Staying discovery is a proper exercise of the Court's discretion. *See Rodriguez v. IBP, Inc.*, 243 F.3d 1221, 1230 (10th Cir. 2001) (holding that control over discovery lies within the sound discretion of the court); *Cole v. Ruidoso Mun. Schools*, 43 F.3d 1373, 1387 (10th Cir. 1994) ("Just as the trial court's determinations on allowing or denying discovery are discretionary … so is the imposition of reasonable conditions on the granting of a stay of discovery." (internal citation omitted)); *see also Clinton v. Jones*, 520 U.S. 681, 706-07 (1997) (a court has "discretion to stay proceedings as an incident to its power to control its own docket").

The Court can weigh several factors in determining whether to exercise its discretion to stay discovery, including: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice of a delay to plaintiff; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. March 30, 2006).

As for the first *String Cheese* factor, a stay of discovery will not prejudice Plaintiff. *See Serna v. City of Colorado Springs*, No. 23-cv–00728-DDD-MDB, 2023 WL 5017259, at *5 (D. Colo. Aug. 7, 2023) (Dominguez Braswell, J.) (noting that "a short stay of the case will not rob Plaintiffs of their ability to fully litigate their clams to resolution"). Indeed, Plaintiff does not oppose the relief (*i.e.*, a stay of discovery) requested in this Motion.

As for the second *String Cheese* factor—the burden on the defendant—discovery would impose substantial expenses and burdens on Defendants in this case. Because Plaintiff's claims purport to attack the decisions of law-enforcement and military agencies and officials, his claims involve a wide swath of government personnel who are charged with keeping U.S. citizens safe. Discovery will, therefore, be burdensome for the government, detracting from its important law-enforcement function. In addition, allowing discovery now will impose significant expense on the government, including the potential substantial time and expenses related to responding to discovery requests that may be wholly unnecessary. Finally, Plaintiff's claims potentially implicate sensitive information related to the U.S. military. Plaintiff should not be permitted discovery on sensitive law-enforcement materials without first demonstrating that his case can survive Defendants' dispositive Motion to Dismiss

In circumstances like these, "the burden on Defendant[s] of going forward with discovery outweighs the desire of Plaintiff to have his case proceed expeditiously." *Harris v. United States*, No. 09-cv-02658-PAB-KLM, 2010 WL 1687915, at *1 (D. Colo. April 27, 2010) (staying discovery where the defendant filed a dispositive motion to dismiss); *see also Sgaggio*, 2023 WL 22188, at *5 ("[R]equiring the parties to submit to full discovery at this time would subject Defendants to undue burden and expense if this case is ultimately dismissed."). Therefore, the second factor weighs in favor of a stay of discovery.

Regarding the third *String Cheese* factor (the convenience to the court), "it is certainly more convenient for the Court to stay discovery until it is clear that the case will

proceed." *Harbinger Cap. Partners LLC v. Ergen*, No. 14-cv-01907-WJM-KMT, 2015 WL 1133503, at *2 (D. Colo. Mar. 10, 2015). The Court's time is not well-served by allowing a "struggle over the substance of the suit when, as here, a dispositive motion is pending." *Harris*, 2010 WL 1687915, at *1 (internal quotation marks and citation omitted). And a stay pending resolution of a dispositive motion to dismiss "would conserve judicial resources in that the precise contours of the action—and indeed whether the action survives dismissal at all—would be known before proceeding through additional briefing or discovery." *McEntire v. Tyson Foods, Inc.*, No. 20-cv-02764-PAB-NYW, 2020 WL 9597490, at *2 (D. Colo. Nov. 12, 2020). Therefore, the third factor also strongly weighs in favor of staying discovery.

The fourth factor, the interests of nonparties, also weighs in favor of a stay. A stay will allow "the Court and the Department of Justice, both of which are funded by the public, to focus their efforts on matters more pressing than discovery in a case that may be dismissed." *Green v. Napolitano*, No. 11-cv-01163-WYD-KMT, 2011 WL 3583402, at *1 (D. Colo. Aug. 15, 2011). Further, it is in the interest of nonparties to have federal law-enforcement agencies and officials, along with military members, focused on running federal prisons and protecting the United States, rather than engaging in discovery on a lawsuit that may lack merit. Therefore, the fourth *String Cheese* factor weighs in favor of a stay.

Finally, the fifth *String Cheese* factor—the public interest—also weighs in favor of a stay. As noted immediately above, the public interest is served by allowing government officials to perform their jobs, rather than compelling them to engage in

potentially needless discovery with Plaintiff. *Cf. Serna*, 2023 WL 5017259, at *5 ("If the Court were to allow Plaintiffs to proceed with discovery now, only to have the case entirely dismissed or substantially narrowed later, the public will pay twice—once in the form of public funds expended to defend the claims, and once in the form of judicial resources expended to resolve the disputes that will inevitably arise."). The public's interest in the "efficient and just resolution" of this case is thus best promoted by "[a]voiding wasteful [discovery] efforts by the Court" through a stay of discovery. *Harbinger Cap. Partners*, 2015 WL 1133503, at *2.

In sum, the *String Cheese* factors weigh heavily in favor of a stay here.

## CONCLUSION

For the aforementioned reasons, Defendants respectfully request that the Court stay discovery until it has resolved Defendants' dispositive Motion to Dismiss.

Dated: August 31, 2026.

Respectfully submitted,

PETER MCNEILLY
United States Attorney

s/ Nicholas A. Deuschle
***Nicholas A. Deuschle***
Assistant United States Attorney
1801 California Street, Suite 1600
Denver, Colorado 80202
Telephone: (303) 454-0100
Fax: (303) 454-0411
Email: nick.deuschle@usdoj.gov

Attorney for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that, on August 31, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

Pursuant to CNS Civ. Practice Standard 6.1A(c), I hereby further certify that, on August 31, 2026, I served the foregoing via email on Megan Marlow, counsel for the Federal Bureau of Prisons.

s/ Nicholas A. Deuschle
***Nicholas A. Deuschle***
United States Attorney's Office